UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  MONUMENT BREWING, LLC            Case No. 19-bk-10832-CED

                                         Chapter 11
Debtor.

_____ /

                            Small Business Case under Chapter 11

**MONUMENT BREWING, LLC  SECOND AMENDED PLAN OF REORGANIZATION,**

**DATED OCTOBER 8, 2020**

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **MONUMENT BREWING, LLC** (the "Debtor") from cash flow from operations and future income.

This Plan provides for **three (3)** classes of secured claims; **One (1)** class of unsecured claims; and **One (1)** class of equity security holders, and one (1) special class for a PPP loan. Unsecured creditors holding allowed claims will receive distributions. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1. The secured claims of Financial Pacific.

2.02    Class 2.  The secured claim of Pawnee Leasing Corporation.

2.03    Class 3. The secured claim of Centra Funding, LLC

2.04    Class 4. General unsecured claims.

2.05    Class 5.  Equity interest of the Debtor.

2.06    Class 6.  PPP Loan

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
### U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

**B25A (Official Form 25A) (12/11) - Cont.** 2

    3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates additional attorney and accounting administrative fees of approximately $20,000 which will be paid upon Plan Confirmation or otherwise by written agreement. HSW is owed $11,263.42 for rent owed which will be paid as per written agreement or in full upon Plan Confirmation. Under no circumstances will the Debtor make payment on administrative fees absent Court order authorizing said fees. Court-allowed attorney fees will be in equal quarterly payments commencing on the fifth day of the first month following the entry of an order confirming the plan.

    3.03    <u>Priority Tax Claims</u>. There are priority tax claims as follows:

        a.    Florida Department of Revenue (No Proof of Claim filed) in the amount of $28,915 for sales tax;

        b.    Hillsborough County Tax Collector (Claims No. 4 and 5) in the total amount of $1,192.98.

Priority tax claims shall be paid in regular installments over a period not to exceed five (5) years unless otherwise agreed by the holder of the claim.

    3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

### ARTICLE IV
### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

    4.01    Claims and interests shall be treated as follows under this Plan:

| | | |
|---|---|---|
| Class 1 – Secured claim of Financial Pacific (Claims No. 13 and 14) | Impaired | This claim is for the total amount of $48,450.43. The fair market value of the equipment is $5,000. This claim will be crammed down and paid in 60 equal monthly payments in the amount of $83.33. |
| Class 2 – Secured claim of Pawnee Leasing Corporation (Claims No. 16 and 17) | Impaired | This claim is for the total amount of $41,382.62. The fair market value of the equipment is $12,000. This claim will be crammed down and paid in 60 equal monthly payments in the amount of $200.00. |
| Class 3 – Secured claim of Centra Funding, LLC (Claim No. 18-2) | Impaired | This claim is for the amount of $14,724.99. The fair market value of the equipment is $5,000. This class will be crammed down and paid in 60 equal monthly payments in the amount of $83.33. |
| Class 4 - General allowable unsecured claims | Impaired | This would include the scheduled non-disputed general unsecured claims in the amount of $141,733.88 as well as any allowable additional claims to which any objections are overruled. Debtor will pay $40,000 to a Plan Pool. Creditors in this class will receive a pro rata distribution in 120 monthly payments of $333.33 commencing on the first month following Confirmation of the Plan. |

**B25A (Official Form 25A) (12/11) - Cont.**                                                                                                           3

| Class 5 - Equity Security Holders of the Debtor | Impaired | The Debtor will retain his equity in the property of the bankruptcy estate post-confirmation. |
|---|---|---|

| Class 6 – PPP Loan<br>The Debtor obtained a post-petition PPP loan in the amount of $26,100 as part of the COVID-19 relief program. | Unimpaired | The Debtor has moved for approval of the PPP loan, which was granted in a separate order.  If the PPP loan is determined to be forgivable, the Debtor will incur no additional obligations under this Plan.  If the PPP loan is determined not to be forgivable, the Debtor will repay the PPP Loan pursuant to the terms of a standard PPP note. |
|---|---|---|

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.  The only disputed claims at this time are those of the secured lenders in relation to the value of the equipment.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| HSW Associates | Commercial lease |

Debtor and HSW Associates have reached a written agreement with regard to the cure payments as reflected in prior Order.

The second commercial lease with NISA was rejected and the automatic stay was dissolved as per prior court order.  Debtor remains in negotiations with NISA with regard to use of the subject premises and curing any pre-petition rents.

**B25A (Official Form 25A) (12/11) - Cont.**                                                                                                          **4**

    (b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

  The Debtor shall fund the Plan through its continued operation of its microbrewery.  The Debtor expects increased revenue through the implementation of new business procedures and cost-saving initiatives.  Now that the Governor has restricted all COVID-19 restrictions, the Debtor expects revenues to exceed expenses with enough of a window to repay creditors through the Plan as outlined herein.

## ARTICLE VIII
## GENERAL PROVISIONS

  8.01 <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  None.

  8.02 <u>Effective Date of Plan</u>.  The effective date of this Plan is Sixty (60) days from when the Order entered by the Bankruptcy Court confirming the Plan becomes final and non-appealable..  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

  8.03 <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

  8.04 <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

  8.05 <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

  8.06 <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

  8.07 <u>Corporate Governance</u>.  All matters provided for under the Plan involving the corporate structure of the Debtor or the Reorganized Debtor, or any corporate action to be taken by or required of the Debtor or the Reorganized Debtor, shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement for further action by the management of the Debtor or the Reorganized Debtor.

B25A (Official Form 25A) (12/11) - Cont.                                                                                                         5

# ARTICLE IX
# OTHER PROVISIONS

**9.1** **Request for "Cram Down" of Non-Accepting Classes.** The Debtor requests that the Court confirm the Plan notwithstanding the failure of classes to vote to accept the Plan. Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in a matter prescribed by §1129(b) of the Code. A Plan that binds non-accepting classes is commonly referred to as a "cram down" Plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of §1129(b) of the Code, does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan. **Creditors and Equity Interest Holders concerned with how the cram down provisions will affect your claim or equity interest should seek independent counsel, as the variations on this general rule are numerous and complex.** The Debtor is not required to file a motion or other pleading to seek and obtain a Plan cram down. As a result, the Debtor will seek the Court's confirmation of this Plan in accordance with the cram down provisions of the Bankruptcy Code by *ore tenus* motion at the date and time of the Confirmation Hearing without further notice to creditors or other parties of interest.

Respectfully submitted,

By: **/s/ Nathan Hangen**
Manager, Monument Brewing, LLC
The Plan Proponent

By: **/s/ Samantha L. Dammer**
**Samantha L. Dammer 036953**
Attorney for the Plan Proponent