ORDERED.

**Dated:  December 11, 2020**

_____
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

MONUMENT BREWING, LLC          Case No.: 8:19-bk-10832-CED

        Debtor.                                     Chapter 11
_____/

### ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN

THIS CASE came on for hearing on December 7, 2020 at 1:30 p.m. to consider the following matters:

1. Third Amended Disclosure Statement (Doc. 129) (the "Disclosure Statement"); and

2. Second Amended Plan of Reorganization (Doc. 128) (the "Plan");

Changes made on the record in open court: None.

    A.    Plan amendments reflected in the Affidavit in Support of Plan Confirmation (Doc. 71) as referenced on the record in open court: None.

    B.    Withdrawal of objections/changes of votes made orally on the record in open court: None.

After considering (a) the Confirmation Affidavit (Doc. 144); (b) the evidence proffered and the arguments of counsel; and (c) the entire record in this Chapter 11 case, and for reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court has concluded the following: (1) That the Disclosure Statement should be finally approved; and (2) That the Plan should be confirmed. Accordingly, it is

ORDERED that:

1. <u>Jurisdiction, Venue, Core Proceedings.</u> The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under 11 U.S.C. § 109. Venue is properly before this Court 1 pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is the plan proponent in accordance with 11 U.S.C. § 1121(a).

2. <u>Final Approval of Disclosure Statement.</u> On October 15, 2020, the Court entered its Order Conditionally Approving Disclosure Statement, etc. ("Solicitation Approval Order") (Doc. 133); that order inter alia conditionally approved the Disclosure Statement as containing at least minimally adequate information within the meaning of 11 U.S.C. §1125 and Rule 3017, Federal Rules of Bankruptcy Procedure. The Disclosure Statement complies with 11 U.S.C. §1125 and is, therefore, finally APPROVED as containing adequate information within the meaning of that section of the Bankruptcy Code.

3. <u>Confirmation of Plan.</u> The Plan is CONFIRMED pursuant to 11 U.S.C. § 1129.

4. <u>Transmittal of Solicitation Packages.</u> Copies of the Disclosure Statement, the Plan, the Solicitation Approval Order, and a ballot (together, the "Plan Solicitation Package") were served on all creditors entitled to vote on the Plan. The Court finds that (a) timely and proper notice

of the confirmation hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Plan was provided to all creditors and all parties in interest; (b) such notice was adequate and sufficient to notify all creditors and all parties in interest of the confirmation hearing and the objection and voting deadlines as to the Plan; and (c) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and otherwise satisfied the requirements of due process.

5.  Ballot Tabulation. The Debtor filed a Supplemental Ballot Tabulation (Doc. 158), which reflected that there was one (1) ballot cast in favor of the Plan by an impaired unsecured creditor.

6.  Compliance with the Requirements of 11 U.S.C. §1129.

   a. Compliance with 11 U.S.C. §1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code, in particular:

   i. Proper Classification. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests. Therefore, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

   ii. Specified Unimpaired Classes. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies 11 U.S.C. §1123(a)(2).

   iii. Specified Treatment of Impaired Classes. The Plan designates which classes are as impaired within the meaning of 11 U.S.C. § 1124. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(3).

   iv. No Discrimination within Classes. The Plan provides for the same treatment of each claim within each particular class of claims or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(4).

   v. Implementation. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies 11 U.S.C. §§ 1123(a)(5).

vi. Corporate charter amendments. The Court relieves the Debtor of the requirement under 11 U.S.C. §§ 1123(a)(6) under the circumstances of this case, given that the Debtor is a closely held family business.

vii. Impairment/Unimpairment of Classes of Claims and Interests. The Plan designates certain classes as impaired, as permitted by 11 U.S.C. §1123(b)(1).

viii. Assumption or Rejection of Leases and Executory Contracts. The Plan provides for the assumption and rejection of leases and executory contracts, subject to 11 U.S.C. §§ 365, as permitted by 11 U.S.C. § 1123(b)(2).

ix. Modification of the Rights of Holders of Secured Claims. The Plan modifies the rights of holders of secured debt as permitted by 11 U.S.C. §1123(b)(5). Unless otherwise expressly provided in the Plan, or herein, all other terms of the loan documents with the secured creditors shall remain in full force and effect.

x. Cure of Defaults. The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Court, thereby satisfying 11 U.S.C. §1123(d).

b. Compliance with 11 U.S.C. § 1129(a)(2). The Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code. Specifically:

i.  The Debtor is an eligible debtor under 11 U.S.C. § 109.

ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, unless such compliance was excused by order of this Court.

iii. The Debtor has complied with 11 U.S.C. §§ 1125 and 1126, the Federal Rules of Bankruptcy Procedures, the Court's Local Rules, and the Solicitation Approval Order in transmitting the Solicitation Package and in soliciting and tabulating the vote.

c. Compliance with 11 U.S.C. § 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law. The good faith is evident from the record in this case, the facts as adduced or proffered at the confirmation hearing and other hearings during the course of this bankruptcy case, and the information contained in the Disclosure Statement. The Plan was proposed with the honest and legitimate purpose of maximizing the value of the Debtor's estate and the payments to creditors. The Plan was developed in good faith on the part of the Debtor and in good faith negotiations with various creditors. Therefore, 11 U.S.C. § 1129(a)(3) is met.

d. Compliance with 11 U.S.C. § 1129(a)(4). Applications for fees and expenses of professionals were filed and have been approved by this Court or will be filed and are subject to approval by this Court. Separate orders will be entered thereon. Therefore, 11 U.S.C. § 1129(a)(4) is met.

e. Compliance with 11 U.S.C. § 1129(a)(5). The proponent of the Plan has disclosed the

identity of the post-confirmation management as well as employment of insiders. Therefore, 11 U.S.C. § 1129(a)(5) is met.

      f. <u>Compliance with 11 U.S.C. § 1129(a)(7).</u> As to impaired classes of claims, each holder of a claim or interest of such class has accepted the Plan or will receive or retain property of a value that is not less than it would receive or retain if the Debtor were liquidated under Chapter 7. Therefore, 11 U.S.C. § 1129(a)(5) is met.

      g. <u>Compliance with 11 U.S.C. § 1129(a)(9).</u> Priority tax claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii). The treatment of these and other allowed administrative expense claims meets the requirements of 11 U.S.C. § 1129(a)(9).

      h. <u>Compliance with 11 U.S.C. § 1129(a)(11)</u>. Based upon the information contained in the Disclosure Statement and uncontroverted evidence proffered at the Confirmation Hearing that is both persuasive and credible, the Plan is feasible and not likely to be followed by liquidation or further financial reorganization. Therefore, 11 U.S.C. § 1129(a)(11) is met.

      i. <u>Compliance with 11 U.S.C. § 1129(a)(12).</u> The Plan provides that fees required to be paid pursuant to 28 U.S.C. § 1930 are administrative expenses that will be paid on the effective date of confirmation. Therefore, 11 U.S.C. § 1129(a)(12) is met.

      j. <u>Compliance with 11 U.S.C. § 1129(b).</u> The Court finds that the Plan does not discriminate unfairly and is fair and equitable as to non-accepting impaired classes, specifically: i. The secured creditors will retain their liens and receive payment over time with interest under reasonable repayment terms. Therefore, 11 U.S.C. §§ 1129(b)(2)(A)(i) and 1129(b)(2)(A)(iii) are satisfied.

      k. <u>Principal Purpose of the Plan.</u> The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. No governmental entity has filed an objection to the Plan on these grounds. Therefore, 11 U.S.C. § 1129(d) is satisfied.

7.    <u>Executory Contracts.</u> The Plan's assumption of any identified unexpired leases and executory contracts pursuant to 11 U.S.C. §§ 365 and 1123(b) is approved. The rejection of all or other executory contracts and unexpired leases is approved.

8.    <u>Implementation.</u> The Debtor is authorized to execute, deliver, file, or record any documents, contracts, instruments, and other agreements and take all other actions as may be necessary to implement and effectuate the Plan.

9. <u>Binding Effect.</u> Upon entry of this order and subject to the occurrence of the Plan's effective date, the provisions of the Plan shall bind the Debtor, all holders of claims (irrespective of whether the claims are impaired under the Plan or whether the claimants have accepted the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtor, any party in interest in the bankruptcy case, and the heirs, administrators, executors, successors or assigns, if any, or any of them.

10. <u>Liens survive</u>. Except for liens and security interests avoided by separate order, the liens and security interests of creditors whose claims are secured by an interest in property of the Debtor will continue, for so long as the Debtor is obligated to the holder of the lien or security interest as a secured claimant.

11. <u>Discharge.</u> Except as provided in 11 U.S.C. § 1141(d), the Plan, or this Order, confirmation of the Plan discharges the Debtor from any debt that arose before confirmation.

12. <u>Continued compliance with 28 U.S.C. § 1930</u>. Any statutory fees due to the United States Trustee on or before the effective date shall be paid on the effective date. Thereafter, all fees required to be paid by 28 U.S.C. § 1930 shall accrue and be paid timely until the Chapter 11 case is closed, dismissed, or converted.

13. <u>Compensation and expense reimbursement applications.</u> Debtor's counsel and other professionals shall file their final applications for allowance of compensation and costs through the date of confirmation within twenty-one (21) days of the date of this order.

14. <u>Retained jurisdiction.</u> Pursuant to the Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out.

15. <u>Plan Payment Schedule.</u> The amount of the pro rata distributions in the Payment Schedule

will be deemed finalized and binding as to the creditors thirty (30) days after the entry of the instant order, absent any pending objections. The Debtor retains any and all rights and powers it has concerning any and all claims, including the ability to object to claims following the entry of the instant order. Nothing in this order prohibits the Debtor's right to seek payment changes through the Court, specifically including the recalculation of the pro rata distributions for the General Unsecured Creditors. Additionally, the payments listed in the Payment Schedule or in the promissory notes to be issued to the General Unsecured Creditors may be changed, modified, altered, or forgiven through mutual consent of both parties at issue. Creditors may forgive payments due to them pursuant to the Confirmed Plan without requiring further consent of the Debtors or this Court; such forgiveness shall have no effect on any other creditor or any other payments due under the Confirmed Plan.  Payment Schedule as follows:

  A. There are pro rata distributions to General Unsecured Creditors through a Plan Pool in the amount of $40,000 payable in 120 monthly distributions as follows:

| Creditor | Claim | Pro Rata | Payment |
|---|---|---|---|
| Direct Capital | $7,442.47 | 0.036 | $12.00 |
| Lanese & Assoc. | $2,100 | 0.101 | $3.33 |
| Uline | $294.23 | 0.0014 | $0.46 |
| Perez Mech. Refrig. | $1,505 | 0.0073 | $2.43 |
| Ins. Fin. Spec. | $1,576.05 | 0.0076 | $2.53 |
| Crooked Monkey | $796.50 | 0.0038 | $1.27 |
| NUCO2, LLC | $13,903.10 | 0.0067 | $2.23 |
| Financial Pacific | $43,450.43 | 0.21 | $70.00 |
| Pawnee Leasing Co | $29,382.62 | 0.14 | $46.67 |
| Centra Funding | $9,724.99 | 0.047 | $15.67 |
| Forward Financing | $21,209.25 | 0.1 | $33.33 |
| Bob Hogue | $10,000 | 0.048 | $16.00 |
| Bradley Jacobs | $16,500 | 0.08 | $26.67 |
| Stacey Banks | $1,000 | 0.0048 | $16.00 |
| BSG | $9,861.35 | 0.048 | $16.00 |
| 511 Sponsorship | $1,500 | 0.007 | $2.33 |

| | | | |
|---|---|---|---|
| Advanced Power Ser | $1,939 | 0.009 | $3.00 |
| Alley Cat Pest Control | $290.00 | 0.001 | $0.33 |
| Amer. Corodis Int'l | $7,268 | 0.035 | $11.67 |
| Country Malt Group | $2,272.92 | 0.011 | $3.67 |
| Direct TV | $3,183 | 0.015 | $5.00 |
| Employers Ins. | $601.80 | 0.003 | $1.00 |
| Fast Signs | $659.74 | 0.003 | $1.00 |
| Florida Sign Co. | $345 | 0.0017 | $0.57 |
| Frontier Comm. | $750 | 0.0036 | $1.20 |
| Gigi Yeast | $617.34 | 0.003 | $1.00 |
| Guardian Protection | $100 | 0.00048 | $0.16 |
| Hunter Business Law | $1,721 | 0.008 | $2.67 |
| Italo Ins. | $5,411 | 0.026 | $8.67 |
| Kabbage | $9,752 | 0.047 | $15.67 |
| Kurt Vragel | $225 | 0.001 | $0.33 |
| Solar Designs | $500 | 0.0024 | $0.80 |
| Steve Henry Design | $500 | 0.0024 | $0.80 |
| Total | $206,382 | 100 | $333.33 |

B. Payments to the three (3) Secured Creditors shall be made as follows:

i. Financial Pacific – Within 30 days of Plan Confirmation, Debtor will pay 60 equal monthly payments of $83.33

ii. Pawnee Leasing Corporation – Within 30 days of Plan Confirmation, Debtor will pay 60 equal monthly payments of $200.00.

iii. Centra Funding, LLC – Within 30 days of Plan Confirmation, Debtor will pay 60 equal monthly payments of $83.33.

16. <u>Status Conference.</u> A status conference will be held in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602 on January 25, 2021, at 1:30 p.m., before the Honorable Caryl E. Delano, United States Bankruptcy Judge.

8

Attorney Samantha L. Dammer is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.